**UNITED STATES BANKRUPTCY COURT**
**EASTERN DISTRICT OF VIRGINIA**
**Richmond Division**

| | |
|---|---|
| In re:  Matthew A. Copley and<br>　　　　Jolinda M. Copley,<br>　　　　　Debtors. | Case No. 14-32929-KLP<br>Chapter 7 |
| Matthew A. Copley and<br>Jolinda M. Copley,<br>　　　Plaintiffs,<br>v.<br>United States of America,<br>　　　Defendant. | Adv. Pro. No. 14-03142-KLP |

### MEMORANDUM OPINION AND ORDER

This case is before the Court on remand from the United States District Court for the Eastern District of Virginia, which has instructed this Court to consider the issue of sovereign immunity as it applies to the United States. Specifically, the District Court has requested that this Court address the question of whether Matthew A. Copley and Jolinda M. Copley (the "Debtors"), in seeking a tax refund from the United States, constituted trustees as contemplated under § 505 of the Bankruptcy Code, 11 U.S.C. § 505.[1] Additionally, the District Court has requested that this Court determine whether the Debtors were seeking that tax refund for "the right of the estate."

This matter was originally before the Court on cross-motions for summary judgment on the question of whether a Chapter 7 debtor may exempt and recover an overpayment of federal income taxes for the year prior

---

[1] All references to the Bankruptcy Code are to 11 U.S.C. §§ 101-1532.

to the filing of the bankruptcy, despite the authority of the federal government, under the Treasury Offset Program, 26 U.S.C. § 6402, to set off the refund against the debtor's dischargeable prepetition income tax liability. This Court found that the Debtors' tax overpayment was property of their bankruptcy estate and that their pre-setoff exemption in that refund, claimed pursuant to § 522 of the Bankruptcy Code and Va. Code Ann. § 34-4, superseded the setoff rights of the United States under § 553 of the Bankruptcy Code. As pointed out by the District Court, the United States did not raise the issue of sovereign immunity in this Court but raised it for the first time on appeal.

Procedural History and Facts.[2] The Debtors filed a petition under Chapter 7 of the Bankruptcy Code on May 29, 2014. In Schedule C filed on that same date, the Debtors claimed an exemption in a refund from federal taxes in the amount of $3,208 for the tax year 2013. No party has objected to the Debtors' exemption claim, although the United States has asserted that its setoff rights are superior to the Debtors' allowed exemption. On July 7, 2014, the chapter 7 trustee in the Debtors' case filed a "Report of No Distribution" with this Court. In that report, the chapter 7 trustee stated that he had abandoned total assets valued at $24,904 and that assets valued at $11,410 were exempt. The total, $36,314, constitutes the value of all of the assets, exempt and nonexempt, listed by the Debtors in their bankruptcy

---

[2] The Court has supplemented the record by including additional facts derived from the docket of the Debtors' bankruptcy case in this Court, Case No. 14-32929-KLP, of which the Court takes judicial notice.

2

schedules. The Trustee also asked to be discharged from any further duties as trustee.

The Debtors commenced this adversary proceeding by filing a complaint on September 17, 2014, which was amended with leave of Court on February 1, 2015. In the amended complaint, the Debtors sought the turnover of the $3,208 tax refund, pursuant to § 542(a) of the Bankruptcy Code.[3]

In its answer, the United States[4] admitted "that between the filing of their income tax return on June 2014 and July 8, 2014, the Secretary of the Treasury exercised his discretion under 11 [sic] U.S.C. § 6402 to setoff Debtors' tax overpayment for the 2013 tax year against non-priority, dischargeable tax debts." The United States contended that the amended complaint failed to state a claim upon which relief could be granted, that the Debtors' claim was barred by setoff, and that the overpayment of the Debtor's federal income tax liability for 2013 did not constitute property of the estate and was not subject to exemption under § 522 of the Bankruptcy Code.

After analyzing the facts and the law, this Court rejected the argument made by the United States that no rights to a tax overpayment vest until "the Secretary of the Treasury has made any credits he or she is authorized to

---

[3] "[A]n entity, other than a custodian, in possession, custody, or control, during the case, of property that the trustee may use, sell, or lease under section 363 of this title, or that the debtor may exempt under section 522 of this title, shall deliver to the trustee, and account for, such property or the value of such property, unless such property is of inconsequential value or benefit to the estate." 11 U.S.C. § 542(a).

[4] Although the original complaint named the Internal Revenue Service and the United States as defendants, the United States is the only named defendant in the amended complaint.

3

make pursuant to Section 6402."[5]  Relying in part on the decisions of the United States Bankruptcy Court for the Western District of Virginia in *Addison v. United States Department of Agriculture (In re Addison)*, 533 B.R. 520 (Bankr. W.D. Va. 2015), *aff'd* No. 1:15CV00041, 2016 WL 223771 (W.D. Va. Jan. 19, 2016), and *Sexton v. Department of Treasury (In re Sexton)*, 508 B.R. 646 (Bankr. W.D. Va. 2014), the Court found that the Debtors' exemption of their 2013 tax refund superseded the setoff rights of the United States.  The Court entered a Memorandum Opinion and Order to that effect on March 22, 2016 (the "Memorandum Opinion").  The District Court has not asked this Court to revisit that finding but rather to address the newly-raised issue of whether the United States is entitled to sovereign immunity.

<u>Sovereign Immunity</u>.  Section 106(a)(1) of the Bankruptcy Code provides that sovereign immunity is abrogated with respect to specifically designated sections of the Bankruptcy Code, § 505 among them:

> (a) Notwithstanding an assertion of sovereign immunity, sovereign immunity is abrogated as to a governmental unit to the extent set forth in this section with respect to the following:
> (1) Sections 105, 106, 107, 108, 303, 346, 362, 363, 364, 365, 366, 502, 503, 505, 506, 510, 522, 523, 524, 525, 542, 543, 544, 545, 546, 547, 548, 549, 550, 551, 552, 553, 722, 724, 726, 744, 749, 764, 901, 922, 926, 928, 929, 944, 1107, 1141, 1142, 1143, 1146, 1201, 1203, 1205, 1206, 1227, 1231, 1301, 1303, 1305, and 1327 of this title.

---

[5] Memorandum of United States in support of motion for summary judgment.  Docket 24, p. 12.

4

Section 505(a), in turn, gives a bankruptcy court the ability to "determine the amount or legality of any tax . . . ." Section 505(a)(2) limits this power in three specific instances, the one placed at issue here being § 505(a)(2)(B), which provides that a bankruptcy court may not determine "any right of the estate to a tax refund, before the earlier of (i) 120 days after the trustee properly requests such refund from the governmental unit from which such refund is claimed; or (ii) a determination by such governmental unit of such request."

The United States, admittedly a governmental unit subject to the provisions of § 106, argues that the restriction of § 505(a)(2)(B) operates to except the United States in this instance from the broad waiver of sovereign immunity found in § 106(a)(1).[6] The Court disagrees that § 505(a)(2)(B) is applicable here. Section 505(a)(2)(B) governs a trustee's request for a determination of the right of the estate to a refund from a governmental unit. However, in this case, prior to the Debtors' initiation of the action to recover the exempt refund, the chapter 7 trustee, by filing his Report of No Distribution, abandoned any claim to that refund. There is nothing in the evidence or in the arguments of the parties that would suggest that the Debtors were working on behalf of the chapter 7 trustee, especially in light of the fact that the chapter 7 trustee had acknowledged that there were no

---

[6] The United States also argues that in enacting § 505(a)(2)(B), Congress "limited its waiver of sovereign immunity to when there is a suit [] by a 'trustee' and the recovery is for the 'estate.'" United States' Reply to Plaintiffs' Supplemental Brief, p. 4 (Docket 57). The Court disagrees with that interpretation of the provision, finding that it is too narrow a reading of § 106(a). See *Benson v. United States (In re Benson)*, 566 B.R. 800, 804 (Bankr. W.D. Va. 2017).

assets in the bankruptcy estate available for distribution and had requested that he be discharged from any further duties as trustee. Therefore, the Court finds that in requesting the turnover of the refund, the Debtors were not trustees as contemplated by § 505(a)(2)(B).

That determination alone would suffice to make § 505(a)(2)(B) inapplicable. However, the Court also finds that the Debtors, because of the procedural posture of their case, were not seeking the refund for the benefit of the bankruptcy estate. When the Debtors' meeting of creditors under § 341 was concluded, there was a thirty-day period within which creditors might have objected to the exemptions claimed by the Debtors. Fed. R. Bankr. P. 4003(b). Once that period ran with no objections having been raised, the refund claim ceased to be property of the estate. *Schwab v. Reilly*, 560 U.S. 770, 775 (2010) ("Subject to exceptions not relevant here, the Federal Rules of Bankruptcy Procedure require interested parties to object to a debtor's claimed exemptions within 30 days after the conclusion of the creditors' meeting held pursuant to Rule 2003(a). See Fed. Rule Bankr. Proc. 4003(b). If an interested party fails to object within the time allowed, a claimed exemption will exclude the subject property from the estate . . . ."). Even if allowance of the exemption had not already removed the refund claim from property of the estate, when the chapter 7 trustee abandoned all property of the Debtors, the refund claim would have reverted to the Debtors. *See Dewsnup v. Timm (In re Dewsnup),* 908 F.2d 588, 590

6

(10th Cir.1990), *aff'd sub nom. Dewsnup v. Timm*, 502 U.S. 410 (1992) ("Property abandoned under [§ 554(a)] ceases to be part of the estate. . . . It reverts to the debtor and stands as if no bankruptcy petition was filed."); *Vanderheyden v. Peninsula Airport Comm'n*, No. 4:12CV46, 2013 WL 30065, at *9 (E.D. Va. Jan. 2, 2013).[7]

In *Benson v. United States (In re Benson)*, 566 B.R. 800 (Bankr. W.D. Va. 2017), Judge Black recently addressed the issue of whether the bankruptcy court lacked jurisdiction due to sovereign immunity. The facts in *Benson* were nearly identical to the facts of this case, and Judge Black determined that the § 106(a) abrogation of sovereign immunity applied. As he correctly observed, and contrary to the assertions of the United States, the question is not whether the Debtors fall within § 505's parameters. Section 505 is not the operative provision.[8] Instead, the Court is being called upon to reconcile the enforceability of an exemption under § 522 with the ability of the United States to exercise a setoff under § 553:

> The issue is not whether the Debtor or the estate was entitled to a refund. Indeed, the IRS conceded at oral argument that but for the setoff, the Debtor would have been entitled to a refund in the amount it offset from the tax overpayment. Rather, this case is about the enforceability of an exemption and how it intersects with the IRS's ability to exercise a setoff. At least two of the

---

[7] When the Debtors filed their chapter 7 case, their claim to a tax refund was property of the bankruptcy estate pursuant to § 541(a) of the Bankruptcy Code, which provides that the commencement of a bankruptcy case creates an estate that is comprise, in part, of "all legal or equitable interests of the debtor in property as of the commencement of the case." The Debtors exempted the claim to a tax refund from property of the estate by properly claiming their exemption in Schedule C. This Court specifically held, in its initial opinion, that "the Debtors' tax overpayment is property of the bankruptcy estate."

[8] The parties do not dispute the amount of the taxes or refund due. No party has requested a determination of "the amount or legality of any tax."

7

> statutes expressly enumerated in Section 106(a), 11 U.S.C. § 522 and 11 U.S.C. § 553, are directly implicated in this case, wherein the Court is asked to determine whether the Debtor has an enforceable exemption in the tax overpayment that entitles her to a refund over the IRS's claim of offset. The Court is not being asked to calculate the Debtor's tax liability of any year in any manner. Those issues are stipulated. Instead, the issues at hand go to the crux of the functions of Sections 522 and 553, both expressly within the Section 106 waiver provisions. Moreover, Congress went further, adding to Section 106 the provision that the court "may hear and determine any issue arising with respect to the application" of those sections to the IRS. 11 U.S.C. § 106(a)(2). In addition, the court may issue an order or judgment against the IRS, 11 U.S.C. § 106(a)(3), and may enforce that order or judgment, 11 U.S.C. § 106(a)(4).3.

*Id.* at 805. Section 106(a) expressly abrogates sovereign immunity with respect to §§ 522 and 553 and explicitly authorizes the bankruptcy court to "hear and determine any issue arising with respect to the application of such sections to governmental units."

Conclusion. Having determined that the Debtors were not acting as trustees and were not seeking the tax refund for the benefit of the estate, the court finds that § 505(a)(2)(B) is inapplicable. Therefore, the United States is bound by the abrogation of sovereign immunity provided in § 106(a) and may not claim sovereign immunity in this adversary proceeding.[9] Accordingly,

---

[9] The parties, in papers filed with the Court, assert various arguments as to the interplay between §§ 522 and 553. However, those issues are not before the Court. The District Court has instructed this Court to address the applicability of sovereign immunity and has not requested that the Court reexamine the issues previously addressed in the Memorandum Opinion.

8

IT IS ORDERED that the United States of America is not entitled to the defense of sovereign immunity pursuant to § 505 of the Bankruptcy Code in this adversary proceeding.

Signed: September 13, 2017

/s/ Keith L. Phillips
United States Bankruptcy Judge

Copies:

Entered on Docket: September 13, 2017

Jolinda M. Copley
5800 Marble Arch Way Apt. 206
Spotsylvania, VA 22553

Matthew A. Copley
5800 Marble Arch Way Apt. 206
Spotsylvania, VA 22553

Martin C. Conway
The Martin Conway Law Firm, PC
1712 Financial Loop
Woodbridge, VA 22192

Robert P. McIntosh
U.S. Attorney's Office
SunTrust Center
919 East Main St., Suite 1900
Richmond, VA 23219

Harry Shaia, Jr
Spinella, Owings & Shaia, P.C.
8550 Mayland Drive
Richmond, VA 23294

Robert B. Van Arsdale
Office of the U.S. Trustee
701 East Broad Street, Suite 4304
Richmond, VA 23219