**PUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

No. 18-2347

MATTHEW A. COPLEY; JOLINDA M. COPLEY,

        Debtors - Appellees,

  v.

UNITED STATES OF AMERICA,

        Defendant - Appellant,

  and

USBC-RICHMOND (UNITED STATES BANKRUPTCY COURT)

        Party-in-Interest.

Appeal from the United States District Court for the Eastern District of Virginia, at Richmond.  M. Hannah Lauck, District Judge.  (3:16-cv-00207-MHL)

Submitted: March 17, 2020                                      Decided: May 12, 2020

Before KEENAN, WYNN, and RICHARDSON, Circuit Judges.

Vacated and remanded by published opinion.  Judge Keenan wrote the opinion, in which Judge Wynn and Judge Richardson concurred.

Richard E. Zuckerman, Principal Deputy Assistant Attorney General, Bruce R. Ellisen, Bethany B. Hauser, Tax Division, UNITED STATES DEPARTMENT OF JUSTICE, Washington, D.C.; G. Zachary Terwilliger, United States Attorney, OFFICE OF THE

UNITED STATES ATTORNEY, Alexandria, Virginia, for Appellant.  Martin C. Conway, CONWAY LAW GROUP PC, Woodbridge, Virginia, for Appellees.

BARBARA MILANO KEENAN, Circuit Judge:

    This case requires us to resolve a conflict between the federal tax offset program (the offset program) and the bankruptcy code. Under the offset program, the Secretary of the Treasury has the discretion to set-off "any" tax overpayment against a taxpayer's preexisting tax liabilities. 26 U.S.C. § 6402(a). And, with limited exceptions not applicable here, the bankruptcy code provides that exempt property cannot be used to satisfy "any" of the bankruptcy debtor's prepetition debts. 11 U.S.C. § 522(c). We must determine which of these statutory directives controls when a bankruptcy debtor claims, as exempt property, a tax overpayment that the government seeks to set-off under the offset program. This question is one of first impression in this circuit and has divided the bankruptcy courts.

    In the present case, both the district court and the bankruptcy court resolved the statutory conflict in favor of the bankruptcy debtors, Matthew and Jolinda Copley (the Copleys), who filed for bankruptcy in 2014 and claimed their 2013 tax overpayment as exempt property. The bankruptcy court recognized that the government had a statutory right to offset the Copleys' tax overpayment, and further recognized that the bankruptcy code preserves creditors' set-off rights under a separate provision, 11 U.S.C. § 553(a). Nevertheless, the court determined that the Copleys' interest in their tax overpayment became part of the bankruptcy estate when they filed their petition, and that the Copleys' right to exempt the overpayment under Section 522(c) "supersedes the setoff rights of the United States [preserved] under § 553." The bankruptcy court thus ordered the government to remit payment to the Copleys, and the district court affirmed.

3

Upon our review, we agree that the Copleys' interest in their tax overpayment became part of the bankruptcy estate. However, based on the plain language of the various statutes, particularly the plain language of 11 U.S.C. § 553(a), we conclude that the government's right to offset the Copleys' tax overpayment under 26 U.S.C. § 6402(a) cannot be subordinated or otherwise affected by the Copleys' attempts to claim the overpayment as exempt property. Accordingly, we vacate the district court's judgment and remand for further proceedings consistent with the principles expressed in this opinion.

I.

The relevant facts are not in dispute. On May 29, 2014, the Copleys filed a bankruptcy petition under Chapter 7 of the bankruptcy code. In their petition, the Copleys listed the Internal Revenue Service (IRS) as a priority creditor, and identified preexisting tax debt in the amount of $13,547.10. The Copleys claimed, as property exempt from collection, their tax overpayment from the most recent fiscal year, 2013, in which their withholdings exceeded their tax liability by $3,208.00. The Copleys claimed this exemption pursuant to Virginia Code § 34-4, which permits a bankruptcy debtor to claim protection for "money and debts due the householder not exceeding $5,000 in value."[1] The government did not object to the Copleys' claim.

On June 6, 2014, after purportedly securing their interest in the tax overpayment in accordance with Virginia law, the Copleys filed their 2013 tax returns. Consistent with

---

[1] The bankruptcy code expressly allows a bankruptcy debtor to exempt property as allowed by applicable state law. 11 U.S.C. § 522(b).

4

their bankruptcy filing, the Copleys reported a joint tax liability of $7,054 and a total of $10,262 in withholdings, reflecting a tax overpayment of $3,208. In response, the IRS confirmed the amount of their overpayment but did not send the Copleys a refund. Instead, the IRS explained that it had "exercised [its] discretion under 11 U.S.C. § 6402 to setoff [the Copleys'] tax overpayment for the 2013 tax year" against their preexisting tax liabilities. The Copleys countered by filing an amended complaint in bankruptcy court, seeking to compel the government to remit the overpayment to them.

As noted above, the bankruptcy court determined that the Copleys' interest in their tax overpayment was property of the bankruptcy estate and, once claimed as exempt property, could not be subject to set-off by the government under the offset program. After the district court affirmed the bankruptcy court's judgment, the government filed the present appeal.

II.

In reviewing the judgment of a district court sitting in review of a bankruptcy court, we apply the same standard of review that was applied by the district court. *Three Sisters Partners, LLC v. Harden (In re Shangra-La, Inc.)*, 167 F.3d 843, 847 (4th Cir. 1999). That is, we review the bankruptcy court's legal conclusions de novo, its factual findings for clear error, and any discretionary decisions for abuse of discretion.[2] *Stancill v. Harford Sands*

---

[2] The district court appears to have erred in reviewing the bankruptcy court's self-identified "conclusions of law" under an abuse of discretion standard. However, the district court also recognized the principle that a court "necessarily abuses its discretion when it

5

Inc. (*In re Harford Sands Inc*.), 372 F.3d 637, 639 (4th Cir. 2004); *Meyer Med. Physicians Grp., Ltd. v. Health Care Serv. Corp.*, 385 F.3d 1039, 1041 (7th Cir. 2004).

The government challenges two legal conclusions made by the bankruptcy court and the district court: (1) that the Copleys' 2013 tax overpayment became part of their bankruptcy estate when they filed for bankruptcy; and (2) that the Copleys' right to exempt the tax overpayment supersedes the government's right to offset the overpayment against their preexisting tax debt. We address the government's arguments in turn.

A.

We begin with the government's contention that the Copleys' 2013 tax overpayment never became part of the bankruptcy estate and, thus, could not have been exempted under the dual provisions of Virginia Code § 34-4 and 11 U.S.C. § 522(b)(1). *See Owen v. Owen*, 500 U.S. 305, 308 (1991) ("No property can be exempted (and thereby immunized) . . . unless it first falls *within* the bankruptcy estate."). According to the government, a taxpayer can only have a property interest in a tax *refund*, not a tax *overpayment*, and the taxpayer can only have an interest in a refund if the overpayment exceeds preexisting tax liabilities. Because the Copleys' overpayment did not exceed their preexisting tax liabilities, the government asserts that their interest in a refund was valueless and, therefore, did not become part of the bankruptcy estate. We disagree.

---

makes an error of law," and thus effectively conducted a de novo analysis of the legal issues presented in this appeal. *United States v. Srivastava*, 540 F.3d 277, 287 (4th Cir. 2008).

6

The scope of a bankruptcy estate is expansive. It "consists of all the interests in property, legal and equitable, possessed by the debtor at the time of filing, as well as those interests recovered or recoverable through transfer and lien avoidance provisions." *Owen*, 500 U.S. at 308. The bankruptcy estate also encompasses a "debtor's right to bring a legal claim." *Vieira v. Anderson (In re Beach First Nat'l Bancshares, Inc.)*, 702 F.3d 772, 776 (4th Cir. 2012).

Given this broad scope, we agree with the bankruptcy court that the uncontested sequence of events in this case compel the conclusion that the Copleys' interest in their 2013 tax overpayment became part of the bankruptcy estate. A set-off of a bankruptcy debtor's claim is not accomplished "until three steps have been taken: (i) a decision to effectuate a setoff, (ii) some action accomplishing the setoff, and (iii) a recording of the setoff." *Citizens Bank of Md. v. Strumpf*, 516 U.S. 16, 19 (1995). It is undisputed that at the time the Copleys filed their bankruptcy petition, the government had not taken any of these steps.

The fact that the Copleys' interest in their overpayment remained subject to possible setoff at the time of their bankruptcy filing did not remove the overpayment from the bankruptcy estate. The "defense of setoff" preserved in the bankruptcy code is precisely that, a defense. *Id.* at 20. It allows a creditor with a valid claim against a bankruptcy debtor to assert the value of that claim as a defense to a demand to pay a separate debt owed to the debtor. *Id.*; *see also* 11 U.S.C. § 542(b). Thus, unless and until a defense of set-off is successfully exercised, the debtor's own claim against the creditor remains valid and

cannot be considered valueless. And, if the creditor's claim against the debtor is disallowed or the right of offset is otherwise not asserted, the debtor will recover fully.[3]

Moreover, nothing in the bankruptcy code indicates that property interests subject to setoff are excluded from the bankruptcy estate. To the contrary, the offset provisions of the bankruptcy code suggest that such debt is part of the estate. The language of 11 U.S.C. § 542(b) is particularly instructive. Section 542(b) provides that any "entity that owes *a debt that is property of the estate* . . . shall pay such debt to . . . the trustee, *except to the extent that such debt may be offset* under section 553 of this title against a claim against the debtor." 11 U.S.C. § 542(b) (emphasis added). The phrase "such debt" in this provision has only one possible antecedent: "debt that is property of the estate." *Id.* By its terms, therefore, Section 542 effectively indicates that "debt [that] may be offset," generally speaking, "is property of the estate." *Id.*

Our conclusion is not affected by the Fifth Circuit's decision in *IRS v. Luongo (In re Luongo)*, 259 F.3d 323 (5th Cir. 2001), on which the government primarily relies.[4] There, it was undisputed that the bankruptcy debtor did not attempt to claim her tax overpayment as exempt property until *after* the IRS had exercised its right of offset. *Id.* at

---

[3] We also note that nothing in the offset program requires that the government exercise its right of offset. *See* 26 U.S.C. 6402(a). If the IRS had not elected to offset the Copleys' overpayment in this case, there is no dispute that the Copleys would have been entitled to the full amount of their 2013 overpayment as exempt property.

[4] The government also relies on the Ninth Circuit's decision in *Gould v. United States (In re Gould)*, 603 F.3d 1100 (9th Cir. 2010). However, the Ninth Circuit's decision in *Gould* consists of a one-paragraph order summarily adopting the conclusions of a bankruptcy appellate panel, and contains no independent analysis, lessening the decision's persuasive value.

8

335. In that context, the Fifth Circuit reasoned that "the tax refund did not become property of the estate." *Id.* We do not dispute that conclusion. Had the IRS properly effectuated a setoff of the Copleys' overpayment before the Copleys sought to exempt the overpayment through bankruptcy, it would have been impossible for any interest in the overpayment to "properly be exempted." *Id.* But that hypothetical circumstance is not before us and, thus, *Luongo* is inapposite. Accordingly, we hold that the Copleys' interest in their 2013 tax overpayment became part of the bankruptcy estate when they filed their bankruptcy petition.[5]

B.

We next consider whether the IRS's right to offset the Copleys' overpayment under 26 U.S.C. § 6402 supersedes the Copleys' right to exempt the overpayment under 11 U.S.C. § 522. Based on the plain language of the governing statutes, we conclude that the government's right to offset the Copleys' overpayment prevails.

As with any case involving statutory interpretation, we begin our analysis with the text of the governing statutes. *Desert Palace, Inc. v. Costa*, 539 U.S. 90, 98 (2003). Only when statutory text is ambiguous do we consider "other indicia of congressional intent such as the legislative history." *See Lee v. Norfolk S. Ry. Co.*, 802 F.3d 626, 631 (4th Cir. 2015) (citation omitted). Thus, if "the language at issue has a plain and unambiguous meaning

---

[5] On this point, we recognize that our analysis diverges from that summarily adopted by the Ninth Circuit in *Gould,* 603 F.3d 1100. However, we agree with the Ninth Circuit's ultimate conclusion that the government's right of offset withstands a taxpayer's attempt to exempt an overpayment. *See Gould v. United States (In re Gould)*, 401 B.R. 415, 427-28 (B.A.P. 9th Cir. 2009), *aff'd*, 603 F.3d 1100 (9th Cir. 2010).

9

with regard to the particular dispute," our interpretive inquiry ends. *Robinson v. Shell Oil Co.*, 519 U.S. 337, 340 (1997); *see also Desert Palace*, 539 U.S. at 98. When statutory language is plain, our job "is to enforce [that language] according to its terms." *Lamie v. U.S. Tr.*, 540 U.S. 526, 534 (2004) (quoting *Hartford Underwriters Ins. Co. v. Union Planters Bank, N.A.*, 530 U.S. 1, 6 (2000)).

This appeal requires us to apply these principles to the language of three interrelated statutory provisions, 26 U.S.C. § 6402(a), 11 U.S.C. § 522(c), and 11 U.S.C. § 553(a). On the surface, a potential conflict appears to exist between 11 U.S.C. § 522(c), which protects property claimed as exempt in bankruptcy from being used to satisfy "any" prepetition debts, and 26 U.S.C. § 6402(a), which allows the IRS to offset "any overpayment" against a taxpayer's preexisting tax liabilities. However, we conclude that the plain language of 11 U.S.C. § 553(a) resolves this apparent conflict. Section 553(a) provides:

> Except as otherwise provided in this section and in sections 362 and 363 of this title, *this title does not affect any right of a creditor to offset a mutual debt* owing by such creditor to the debtor that arose before the commencement of the case under this title against a claim of such creditor against the debtor that arose before the commencement of the case . . . .

11 U.S.C. § 553(a) (emphasis added). By its plain and unambiguous terms, Section 553 provides that no provision of Title 11 "affect[s]" a creditor's right to offset a mutual, prepetition debt with a bankruptcy debtor.[6]

---

[6] Although there are several express exceptions listed within 11 U.S.C. § 553(a), none is relevant to this appeal.

10

The very broad scope of Section 553(a) necessarily includes the property exemption provisions contained in 11 U.S.C. § 522(c). Although Section 522(c) generally provides that exempt property cannot be used to satisfy prepetition debt, that provision, as a part of Title 11, must be read in conjunction with the unambiguous language of Section 553(a). As a result, we must interpret Section 522(c) in a way that does not "affect" the "right of a creditor to offset a mutual debt." 11 U.S.C. § 553(a). A contrary construction, permitting Section 522(c) to subordinate the government's offset rights, would violate that statutory directive.

Of course, it remains true that Section 553(a) creates no right of offset on its own. As we long have held, the statute merely preserves whatever right of offset a creditor may possess outside the federal bankruptcy code. *Durham v. SMI Indus. Corp.*, 882 F.2d 881, 883 (4th Cir. 1989). For that reason, to determine whether a creditor's attempt to offset a certain debt is valid, a court must look to the source of the creditor's offset right.

In the present case, the source of the IRS's right of offset is 26 U.S.C. § 6402(a), a provision that also is unambiguous.[7] Without qualification, Section 6402(a) provides that "[i]n the case of *any overpayment*," the IRS may set-off "the amount of such overpayment . . . against any liability in respect of an internal revenue tax on the part of the person who

---

[7] We think that the bankruptcy court failed to appreciate the significance of the fact that the source of the government's right of offset in this case is a federal statute. The court thus improperly relied on the Virginia common law principle that "a creditor may not exercise a right of setoff against exempt property." *Addison v. U.S. Dep't of Agric. (In re Addison)*, 533 B.R. 520, 536 (Bankr. W.D. Va. 2015). Whatever import that rule may have when a creditor's right of offset is grounded in Virginia law, it does not govern or affect our interpretation of 26 U.S.C. § 6402(a). *See* U.S. Const. art. VI, cl. 2.

11

made the overpayment." (emphasis added). Notably, the statute's reference to "any overpayment" does not provide any exception for overpayments made by a taxpayer who later declares bankruptcy. *Id.* Moreover, for the reasons already explained, the plain text of 11 U.S.C. § 553(a) prevents us from reading an implicit exception into the offset statute based on the language of 11 U.S.C. § 522(c). For these reasons, we conclude that Section 6402(a) authorized the IRS to offset the Copleys' tax overpayment in this case, notwithstanding the Copleys' attempt to claim the property as exempt.

Although our conclusion is compelled by the plain language of 26 U.S.C. § 6402(a) and 11 U.S.C. § 553(a), we also explain why various arguments advanced by the Copleys are unavailing. In particular, we address the Copleys' reliance on: (1) the purpose of the bankruptcy code and the law of exemptions, which they identify as giving debtors a "fresh start"; (2) the need to avoid nullification of 11 U.S.C. § 522; and (3) the "permissive" nature of 11 U.S.C. § 553(a).

First, we disagree that the purposes of the bankruptcy code require ruling in favor of the Copleys in this case. While providing debtors with a "fresh start" is *one* of the purposes of the bankruptcy code, it is not the only purpose. As our sister circuits have noted, the bankruptcy code also serves the purpose of "ensur[ing] fair payment to creditors." *Fustolo v. 50 Thomas Patton Drive, LLC*, 816 F.3d 1, 6 (1st Cir. 2016) (citation omitted); *see also Rupp v. United Sec. Bank (In re Kunz)*, 489 F.3d 1072, 1074-75 (10th Cir. 2007) ("One of the purposes of bankruptcy law is to provide fair remedies to creditors[.]"). The bankruptcy code's preservation of the "defense of offset" serves this additional purpose, by "avoiding the absurdity of making A pay B when B owes A."

12

*Strumpf*, 516 U.S. at 18, 20 (citation and internal quotation marks omitted). Thus, the purposes of the bankruptcy code do not require a debtor's right of exemption to supersede a creditor's right of offset.[8]

Second, we disagree with the Copleys' suggestion that prioritizing a debtor's right to exempt property is necessary to avoid rendering Section 522(c) a nullity. In general, we recognize that conflicting statutory provisions should be construed, when possible, to give effect to each. *Conn. Nat'l Bank v. Germain*, 503 U.S. 249, 253 (1992); *see also Ricci v. DeStefano*, 557 U.S. 557, 580 (2009). However, that interpretive canon is not applicable here. While preservation of the government's right of offset recognizes an additional exception to the application of 11 U.S.C. § 522(c), this result does not render Section 522(c) "wholly superfluous," or a "dead-letter" bereft of other application. *Germain*, 503 U.S. at 253; *Ricci*, 557 U.S. at 580 (quoting *United States v. Atl. Research Corp.*, 551 U.S. 128, 137 (2007)).

Finally, the Copleys advance the argument that bankruptcy courts retain discretion to disallow a creditor's attempt to impose a setoff under Section 553(a). Again, we disagree that this rationale is applicable here. Although bankruptcy courts historically have had discretion to disallow a setoff, *see Cumberland Glass Mfg. Co. v. De Witt*, 237 U.S. 447, 454-55 (1915), that discretion always has been limited. *See N.J. Nat'l Bank v. Gutterman*

---

[8] In any event, preserving a creditor's offset rights does not deny bankruptcy debtors a "fresh start." The right of offset preserved by the bankruptcy code does not provide creditors with any right to pursue collection from the debtor, before or after bankruptcy. *See* 11 U.S.C. § 553(a). The right of offset simply provides a creditor with a *defense* to efforts by the bankruptcy estate to collect a mutual debt in circumstances when the debtor also owes money to the creditor. 11 U.S.C. § 542(b); *see also Strumpf*, 516 U.S. at 20.

13

*(In re Applied Logic Corp.)*, 576 F.2d 952, 957 (2d Cir. 1978) ("The rule allowing setoff . . . is not one that courts are free to ignore when they think application would be 'unjust.'"). Indeed, a court's discretion to disallow a setoff generally is confined to those circumstances when the validity of the right of setoff can be questioned under other law outside the bankruptcy code. *See* 5 Collier on Bankruptcy ¶ 553.02[3] (16th ed. 2020) ("[A] right of setoff should be recognized in bankruptcy unless the right is invalid in the first instance under applicable nonbankruptcy law, or unless it is otherwise proscribed by some express provision of the Code."). That discretion does not permit bankruptcy courts to disregard the plain language of 26 U.S.C. § 6402(a) and 11 U.S.C. § 553(a).

In sum, we conclude that the plain language of 26 U.S.C. § 6402(a) and 11 U.S.C. § 553(a) dictates that the government's right of offset was not affected by the Copleys' attempt to claim their tax overpayment as exempt property in this case.[9] Thus, we hold that the district court erred in affirming the bankruptcy court's judgment requiring the IRS to remit the overpayment to the Copleys.

### III.

For these reasons, we vacate the district court's judgment and remand the case to the district court for additional proceedings consistent with this opinion.

---

[9] We also reject the Copleys' reliance on the legislative history of 11 U.S.C. § 522. Because the legislative history contains no discussion of set-off rights, we agree with the district court that it is "inconclusive" at best, and "does not compel favoring one provision over the other."

14

*VACATED AND REMANDED.*[*]

---

[*] This opinion is published without oral argument pursuant to this Court's Standing Order 20-01, www.ca4.uscourts.gov/docs/pdfs/amendedstandingorder20-01.pdf (amended Apr. 7, 2020).

15